IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LISA NAUG,

                Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

ORDER

14-cv-818-jdp

---

    Plaintiff Lisa Naug seeks judicial review of a final decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, finding her not disabled within the meaning of the Social Security Act. The court heard oral argument on December 3, 2015. For reasons explained during the hearing and summarized here, the court will remand this case to the Commissioner for further proceedings.

    Naug contends that she suffers from debilitating numbness and weakness in her extremities caused by neuropathy. Naug does not challenge the ALJ's nearly complete dismissal of her own credibility, but she contends that the ALJ improperly discounted the opinions of her treating physician, Dr. Aston. In determining Naug's residual functional capacity (RFC), the ALJ afforded Dr. Aston's opinions "lesser weight" because: (1) the objective medical tests that Dr. Aston relied on were not in the record; (2) Dr. Aston relied on Naug's subjective complaints, which the ALJ had determined to be not credible; (3) Dr. Aston's opinions were not consistent with the relatively moderate symptoms that Dr. Durette had documented; (4) Dr. Aston did not specify when disabling limitations first impacted

Naug; and (5) Dr. Aston could not say whether forthcoming treatment would alleviate Naug's symptoms. R. 20.[1]

The ALJ did not indicate whether he evaluated Dr. Aston as a treating source.[2] Regardless, the ALJ did not adequately justify his decision to discount Dr. Aston's opinions, and he did not identify and apply the pertinent regulatory factors, as required under 20 C.F.R. § 404.1527. *See Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000), *as amended*, (Dec. 13, 2000) (citing 20 C.F.R. § 404.1527(d)(2)).

The ALJ gave some good reasons for declining to afford Dr. Aston's opinions greater weight, but the ALJ overlooked one crucial fact: Dr. Aston identified the first (and only) piece of objective medical evidence in the record that corroborated Naug's subjective complaints. The ALJ wrote off Dr. Aston's opinions because the corroborating test results were not included in the record. But the ALJ discounted the fact that objective test results, including an EMG and a nerve conduction study, supported Dr. Aston's diagnoses and opinions. And even if the test results had been included in the record, the ALJ would not have been qualified to use those records to impeach Dr. Aston's opinion.[3] Naug's application would be dramatically more persuasive with objective medical evidence supporting her subjective

---

[1] Record cites are to the administrative record, located at Dkt. 7.

[2] The record shows that Dr. Aston is Naug's treating physician even though Dr. Aston had only examined Naug twice before the record closed. Naug had commenced a treating relationship with Dr. Aston, who had taken over Naug's care after her colleague, Dr. Shewmake, retired. The short relationship that Dr. Aston had with Naug would be an appropriate factor to consider, but there is no sound reason to dismiss Dr. Aston as a non-treating source. And because the ALJ did not cite Dr. Aston's status as a reason for discounting her opinion, I will decline the Commissioner's invitation to do so here. *See SEC v. Chenery Corp.*, 318 U.S. 80, 87-88 (1943).

[3] Maybe the test results would contain the impressions of another professional who interpreted the results, which would have allowed the ALJ to determine whether the test results supported Dr. Aston's opinions. But the ALJ did not sufficiently explore this issue.

experience, which the ALJ had discounted entirely as contradictory and uncorroborated. Because the ALJ effectively disregarded important corroborating evidence, his reasons for affording Dr. Aston's opinions lesser weight were not sound.

To be clear, Dr. Aston's records may not necessarily turn the tide for Naug. The ALJ provided a sound credibility analysis that discredited Naug's subjective complaints, and many of the medical records—including Dr. Aston's—rely on those subjective complaints. Naug does not challenge these aspects of the ALJ's opinion. But the court is concerned that the ALJ glossed over the only medical opinion evidence in the record that was based on objective medical evidence without sufficient consideration or explanation. The court is equally concerned that the state agency consultants did not have the opportunity to evaluate this evidence, especially in light of the amended disability onset date and date last insured. On remand, the ALJ must provide a careful evaluation of Dr. Aston's opinions and identify and apply the pertinent regulatory factors. The Commissioner should also consider getting the test results cited by Dr. Aston and getting new opinions from the state agency consultants, as the ALJ is responsible for developing the administrative record. *Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009).

Naug also contended that she met the requirements of a listed disability. But plaintiff's counsel conceded the listings issue, in light of the fact that the ALJ validly discredited Naug's subjective testimony. The ALJ may, however, choose to revisit the listing after the EMG and nerve conduction study are fully considered.

ORDER

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered December 7, 2015.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge