IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LISA NAUG,

                Plaintiff,

v.                                              ORDER

CAROLYN W. COLVIN,                            14-cv-818-jdp
Acting Commissioner of Social Security,

                Defendant.

---

Plaintiff Lisa Naug sought judicial review of a final decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, finding her not disabled within the meaning of the Social Security Act. The court heard oral argument on December 3, 2015. On December 8, 2015, the court issued an order remanding this case to the Commissioner for further proceedings. Dkt. 15.

Now Naug, through her attorney Dana W. Duncan, moves the court for an order awarding $6,671.84 in attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Dkt. 17. Naug has also filed a second motion for an additional $855.89 in fees, which accounts for the time that Naug's attorney spent responding to the Commissioner's opposition. Dkt. 23. The Commissioner opposes any EAJA fee award because its position was substantially justified.

Under the EAJA, the court will award attorney fees to a party who prevails in litigation against the United States if: (1) "the claimant is a 'prevailing party'"; (2) "the government's position was not substantially justified"; (3) no "special circumstances make an award unjust"; and (4) "the fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement." *United States v. Hallmark Const. Co.*,

200 F.3d 1076, 1078-79 (7th Cir. 2000) (citing 28 U.S.C. § 2412(d)(1)(A), (B)). The Commissioner does not dispute that Naug is a prevailing party, that no special circumstances render an award unjust, or that Naug's motion was timely. Nor does the Commissioner object to counsel's hourly rate or the amount of time. The court must decide only whether the Commissioner's position was substantially justified.

The Commissioner's position is substantially justified if it had a "reasonable basis both in law and fact" and was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *see also Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009) ("A position taken by the Commissioner is substantially justified if it has a reasonable basis in fact and law, and if there is a reasonable connection between the facts and the legal theory."). The result alone "does not establish whether [the Commissioner's] position was substantially justified. Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose." *Pierce*, 487 U.S. at 569. The EAJA is not a fee-shifting statute; the prevailing party does not presumptively recover its attorney fees. *Hallmark*, 200 F.3d at 1079. Nevertheless, "the government bears the burden of proving that its position meets the substantially justified standard," both before and during litigation. *Id.* at 1079-80. The court also considers the larger policy behind the EAJA:

> [t]he potential threat of having to pay for the litigation costs of the opposing party may serve as an encouragement to government agencies to investigate, prepare and pursue litigation against private parties in a professional and appropriate manner. Likewise, the potential for recovering the expenses a private party puts forward to oppose the government encourages members of the public to assist in the valuable public service [of] improving the efficiency of government operations.

*Id.* at 1080 (internal quotation marks omitted).

Turning to the Commissioner's position here, both the ALJ's decision (i.e., the Commissioner's prelitigation position) and the Commissioner's position before this court (i.e., its litigation position) were substantially justified. The primary issue before the court was whether the ALJ improperly discounted the opinions of Naug's treating physician, Dr. Aston.[1] When determining Naug's residual functional capacity (RFC), the ALJ afforded Dr. Aston's opinions "lesser weight" because: (1) the objective medical tests on which Dr. Aston relied were not in the record; (2) Dr. Aston relied on Naug's subjective complaints, which the ALJ had determined to be not credible; (3) Dr. Aston's opinions were not consistent with the relatively moderate symptoms that Dr. Durette had documented; (4) Dr. Aston did not specify when disabling limitations first affected Naug; and (5) Dr. Aston could not say whether forthcoming treatment would alleviate Naug's symptoms. R. 20.[2] The Commissioner's position before this court was similar: the ALJ reasonably assigned Dr. Aston's opinions lesser weight after determining that no objective medical evidence in the record supported the opinion, that Dr. Aston relied on Naug's incredible subjective statements, and that the opinions conflicted with other medical opinions in the record. Dkt. 10, at 17-18.

The court determined that "the ALJ did not adequately justify his decision to discount Dr. Aston's opinions, and he did not identify and apply the pertinent regulatory factors, as required under 20 C.F.R. § 404.1527." Dkt. 15, at 2. The court recognized that although the

---

[1] Naug raised a second issue before this court regarding whether she met the requirements of a listed disability. But Naug conceded the issue during oral argument, recognizing that the Commissioner's position on that issue was substantially justified.

[2] Record cites are to the administrative record, located at Dkt. 7.

ALJ articulated several sound reasons for declining to afford Dr. Aston's opinions greater weight, the ALJ "overlooked one crucial fact: Dr. Aston identified the first (and only) piece of objective medical evidence in the record that corroborated Naug's subjective complaints." *Id.* The court was critical of the ALJ's quick dismissal of Dr. Aston's opinions simply because supporting test results were absent from the record, without recognizing the significance of the fact that objective test results *did*, in fact, support Dr. Aston's opinions. The court expressed its concern that the ALJ had "glossed over the only medical opinion evidence in the record that was based on objective medical evidence without sufficient consideration or explanation" and ultimately concluded that "[b]ecause the ALJ effectively disregarded important corroborating evidence, his reasons for affording Dr. Aston's opinions lesser weight were not sound." *Id.* at 3.

During oral argument, the court acknowledged that the issue was a fairly close call, because the ALJ had articulated some good reasons for discounting Dr. Aston's opinions. The closeness of the question is evidence that the Commissioner's position was substantially justified. *See Cummings v. Sullivan*, 950 F.2d 492, 498 (7th Cir. 1991) ("We find that the closeness of the question is, in itself, evidence of substantial justification."). This is not, for example, a case in which the ALJ completely failed to consider a treating physician's report, *cf. Henderson v. Barnhart*, 257 F. Supp. 2d 1163, 1168 (E.D. Wis. 2002), or a case where the ALJ failed to cite any medical evidence in support of his findings, *cf. Samuel v. Barnhart*, 316 F. Supp. 2d 768, 771 (E.D. Wis. 2004) (the ALJ failed "to include in his narrative discussion a description of how the medical evidence supported his finding"). This is a case in which the ALJ recognized and attempted to apply the pertinent regulatory factors when evaluating Dr. Aston's opinions but simply failed to address a piece of important objective evidence. The

4

court concludes that the Commissioner's position was reasonably based in law and fact and, thus, substantially justified. *See, e.g., Grieves v. Astrue*, 360 F. App'x 672, 675-76 (7th Cir. 2010) (holding that the district court did not abuse its discretion when it denied EAJA fees because the Commissioner's position was substantially justified: the ALJ's reasons for discounting treating physician opinions were "flawed and inadequate," but an insufficient explanation "in no way necessitates a finding that the government's position was not substantially justified" (internal citations and quotation marks omitted)). The court will deny Naug's motions for fees.

Even if the court were to award Naug EAJA fees, the court would not award the requested $855.89 in supplemental fees (for having to reply to the Commissioner's opposition to Naug's first motion, *see* Dkt. 23). Although the second motion states that Naug's attorney's affidavit supports the award, Naug's attorney filed no such affidavit. Without a supporting affidavit and an itemized statement, the court is unable to verify that Naug's attorney is entitled to the supplemental fees.

One more point in closing. The court is compelled, yet again, to admonish Mr. Duncan for his careless mistakes. Naug's memorandum in support of EAJA fees states that "the parties stipulated to a sentence four remand." Dkt. 21, at 3. This is incorrect. The court remanded this case after hearing oral argument; there was no stipulation. Naug's counsel also states that this case went up to the Seventh Circuit, which required counsel "to write a second series of briefs and travel to and from Chicago for oral arguments[,]" effectively "doubling" his work on this case. *Id.* at 4. This, too, is simply incorrect. It appears that Naug's briefing was produced by the sloppy copy-and-paste method the court has come to expect from Mr. Duncan and his one-attorney firm. And, on top of the factual inaccuracies,

5

Mr. Duncan initially filed his motion papers in the wrong case. He eventually corrected the filing problem, but only after the clerk's office alerted him to the mistake. (This was a courtesy; it is not the responsibility of the clerk's office's to correct filing mistakes.) These mistakes waste time for the court and the Commissioner, and the court has imposed sanctions on Mr. Duncan for such errors before. To be clear: Mr. Duncan's errors are not the reason that the court is denying Naug's request for fees. But it must be said that Mr. Duncan's carelessness undermines the image of competence and expertise that Mr. Duncan hopes to project. This court greatly appreciates Mr. Duncan's work for a client population that is greatly under served, but we are approaching the point at which Mr. Duncan's errors will severely disadvantage his clients. Mr. Duncan must clean up his act.

ORDER

IT IS ORDERED that:

1. Plaintiff Lisa Naug's motion for attorney fees in the amount of $6,671.84, Dkt. 17, is DENIED.

2. Plaintiff's second motion for attorney fees in the amount of $855.89, Dkt. 23, is DENIED.

Entered April 4, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge