IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LISA NAUG,

       Plaintiff,

 v.

NANCY A. BERRYHILL,
Acting Commissioner of the Social Security Administration,

       Defendant.

OPINION and ORDER

14-cv-818-jdp

---

  Plaintiff Lisa Naug filed this lawsuit in 2014, seeking review of an administrative decision that denied her request for disability benefits under the Social Security Act. After oral argument, the court granted Naug's motion for summary judgment and remanded the case on the ground that the administrative law judge failed to adequately justify his decision to discount the opinion of Naug's treating physician. Dkt. 15. The court denied the request of Naug's counsel, Dana Duncan, for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, because the Commissioner's position was substantially justified. Dkt. 25.

  On remand, Naug obtained a favorable decision and an award of benefits from the Commissioner. The Commissioner reserved $13,289.75 of the award for attorney fees, which represents 25 percent of past-due benefits. Dkt. 28-2. Duncan then filed a fee petition with the agency for $10,000, which he says is pending.

  Duncan now seeks a representative fee award of $3,289.75 from this court pursuant to 42 U.S.C. § 406(b). Dkt. 28.[1] Section 406(b) allows the court to award a prevailing plaintiff's

---

[1] Duncan originally asked for $3,295.38 rather than $3,289.75. Dkt. 26. Realizing his error, Duncan submitted an amended petition with the correct amount, but he did not withdraw his

attorney a reasonable fee, but no greater than 25 percent of past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). *See also McGuire v. Sullivan*, 873 F.2d 974, 980 (7th Cir. 1989) ("A court may award a fee up to that provided in the [contingency-fee] contract so long as the court has reviewed its reasonableness."). Duncan has an agreement with Naug that allows Duncan to keep 25 percent of the past-due benefits.

The Commissioner does not oppose Duncan's request and the request falls within the 25 percent cap, but the court must still decide whether the request is reasonable. When evaluating a request for fees under § 406(b) for reasonableness, a court may consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. The Supreme Court identified two instances in which it would be appropriate to reduce an award. First, "[i]f the attorney is responsible for delay, . . . a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Id.* Second, if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id*. This court has considered factors such as the attorney's experience, reputation and ability as well as awards in similar cases. *Westlund v. Berryhill*, No. 15-cv-450, 2017 WL 2389724, at *1 (W.D. Wis. June 1, 2017) (citing *Hodges-Williams v. Barnhart*, 400 F. Supp. 2d 1093, 1099 (N.D. Ill. 2005), and *McGuire*, 873 F.2d at 979, 983).

The court concludes that Duncan's request is reasonable. Duncan represents that his team spent 42.65 hours litigating Naug's case before this court (28.5 hours in attorney time and 14.15 hours in paralegal and administrative time). Even excluding the paralegal time,

---

earlier request, so the court will deny it.

Duncan's requested award represents an equivalent hourly rate of $115.43. But it is appropriate in assessing a reasonable fee to consider paralegal time as well. *Richlin Sec'y Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008) (reasonable attorney fees under Equal Access to Justice Act includes paralegal time); *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989) (reasonable attorney fees under 42 U.S.C. § 1988 includes paralegal time). If Duncan's paralegal time is included at the rate he suggests ($125 an hour), the equivalent rate for attorney time is less than $100.

The equivalent rate Duncan requests is well within the rates approved by this court in other cases. *E.g., Palmer v. Berryhill*, No. 16-cv-681, 2018 WL 2248422, at *1 (W.D. Wis. May 16, 2018) (approving effective rate of $614 an hour); *Stemper v. Astrue*, No. 04-cv-838, 2008 WL 2810589, at *1 (W.D. Wis. July 14, 2008) (approving effective rate of $666 an hour). In light of Duncan's experience, the result he obtained, the risk he incurred, and the amounts awarded in similar cases, I conclude that the requested fee is reasonable.

ORDER

IT IS ORDERED that Dana Duncan's motion for attorney fees under 42 U.S.C. § 406(b), Dkt. 28, is GRANTED. The court approves the representative fee of $3,289.75. Duncan's earlier motion for fees, Dkt. 26, is DENIED as moot.

Entered December 12, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge